# IN RE NOYES.

---

PATENTS; PATENTABILITY.

1. The application of an old device or process to a similar or analogous subject, with no change in the manner of applying it, and no result substantially distinct in its nature, is not patentable, even if the new form of result has not before been contemplated. (Following *Durham* v. *Seymour*, 6 App. D. C. 78, and *Millett* v. *Allen*, 27 App. D. C. 70.)

2. Attaching a pipe leading from a vacuum cleaner to the conduit supplying air, to the air and fuel mixing means of an internal combustion engine, or, in other words, substituting the pump of the engine for the separate air pump of the cleaner, is not invention, although the substitution is ingenious. No different function is performed.

No. 631. Patent Appeals. Submitted March 9, 1910. Decided April 5, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting certain claims of an application for patent.                                           *Affirmed.*

The facts are stated in the opinion.

*Mr. Robert M. Pierson* and *Mr. Charles Neave* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Edward P. Noyes appeals from the decision of the Commissioner of Patents, rejecting ten of the twelve claims of an

application for patent for an improvement in a vacuum apparatus.

As stated by the Commissioner, claims 1, 4, and 12 represent the invention sufficiently.   They read as follows:

"1. Vacuum apparatus comprising an automatic internal combustion motor having means for mechanically pumping elastic fluid for its combustible charge, an anteriorly-extended induction conduit for said fluid, and means associated with said conduit for employing the pumping suction of the motor in the performance of useful work other than combustible-charge formation.

"4. Vacuum apparatus consisting of a vapor-fuel automatic explosion motor having means to mechanically pump its air charge, an air-supply pipe for said motor, having means to perform extraneous mechanical work by the pumping suction of the motor, a liquid fuel mixture associated with said pipe, and means for causing the fuel-feeding pressure to automatically vary with the suction imparted to said extraneous work-performing means.

"12. Vacuum apparatus comprising an automatic internal combustion motor having means for mechanically pumping its combustion air charge, and an extended combustion air suction pipe for said motor, having two inlets, one of which is equipped with extraneous work-performing means operated by atmospheric pressure, and the other equipped with an automatic inlet valve, adapted to open upon the attainment of a predetermined degree of suction."

As stated in the appellant's brief, the application is for an invention, "the central idea of which consists in so combining an internal combustion motor with vacuum-using devices that the motor may be directly employed as a suction pump in doing work outside of its ordinary motor functions."   As described in the specifications: In connection with such a motor, suitable means are provided whereby the difference in fluid pressure created by the suction of the piston or equivalent element in supplying the motor with its own combustion fluid is applied to the performance of mechanical work.   By this

means the motor is applied directly to the production of vacuums for industrial purposes without the intervention of a separate vacuum pump driven by the motor. The suction conduit or pipe is extended to the desired point, and equipped with the necessary devices for mechanically applying the vacuum.

The ordinary vacuum cleaner wagons drawn by horses carry a gasolene engine which drives an air pump and operates the devices in cleaning carpets, hangings, etc. Applicant can take an ordinary gas engine of an automobile, and without adding the air pump, cause the engine which propels the machine to perform services as a vacuum producer.

The general view of the office tribunals is thus expressed in the Commissioner's decision: He says: "The Examiner rejected these claims on the ground that the applicant, without exercising invention, has substituted the pump of an internal combustion engine for the pump used in the well-known vacuum cleaning apparatus, and this view of the case was taken by the Examiners in Chief. I am of the opinion that to merely attach a pipe leading from a vacuum cleaner to the conduit supplying air to the air and fuel mixing means of an engine did not constitute invention."

A number of references were cited in the Office decisions, and may be summed up most favorably to the applicant in the language of his brief, as follows:

"The ordinary vacuum cleaner consisting of dust-gathering nozzle, hose, strainer, vacuum pump, and functionally separate motor (Young, Rec. page 44; Kenny, page 66; Leaycraft, page 40).

"(b) Carburetors, with or without a partial vacuum in the fuel reservoir (Grouvelle, page 50; Stute, page 54; Haddan, Supplemental Record).

"(c) Explosion motors which draw either the air or the gas through a strainer to purify it before reaching the motor cylinder (Brown, Westinghouse, and Praetorius, all in the Supplemental Record)."

The foundation of his contention is then stated:

"It is apparent from the briefest perusal of these references

that they show merely that individual elements of the appli-
cant's new combination were old. They utterly fail to suggest
the application of a gas engine to the uses of an ordinary vacu-
um pump, but the Patent Office takes the position that it in-
volved no invention to conceive of this new application, or
to make the necessary combination of elements for carrying
the conception into effect."

It may be added that the Brown patent, mentioned above,
as having an air strainer, shows a dust collector interposed be-
tween the explosive engine and the end of the air pipe. While
the object of the device is the purification of the air drawn into
the engine, it is within the broad language used in claim 1:
"Means associated with said conduit for employing the suction
of the motor in the performance of useful work other than com-
bustible-charge formation."

The applicant admits, of course, that extracting dust from
objects, or performing other work by means of a vacuum, is
not new; and that the explosive motor, as used by the appellant,
acts very much as would an air pump which is nothing but an
air pump. But he contends that it is "not the same agent as
before, which is now acting. The old agent was a pump and
nothing more. It had to be driven by a separate motor. The
new agent is both pump and motor." And he says: "Granting
that it is an old result or ultimate effect which appellant has
produced, he yet produces that effect in a more facile, eco-
nomical, and efficient way, by doing away with all the cost,
weight, friction, and driving connections of the separate pump
heretofore employed."

What the applicant has done is to connect an internal com-
bustion engine with a vacuum cleaning machine in such man-
ner that the air supplied to the air and fuel-mixing means
of the engine is drawn through the cleaning device. An air
pump is necessary to the vacuum cleaning device; and the en-
gine acts as a pump in drawing the air in, to form the neces-
sary explosive mixture. The pump of the engine is substituted
for the separate air pump of the cleaning device, but it performs
no different function. The same old thing is done by the same

means,—a vacuum pump operated by a motor. The substitution is ingenious, but it is not invention. "It is well settled that the application of an old device or process to a similar or analogous subject, with no change in the manner of applying it, and no result substantially distinct in its nature, is not patentable, even if the new form of result has not before been contemplated. *Pennsylvania R. Co.* v. *Locomotive Engine Safety Truck Co.* 110 U. S. 490, 494, 28 L. ed. 222, 223, 4 Sup. Ct. Rep. 220; *Howe Mach. Co.* v. *National Needle Co.* 134 U. S. 388, 397, 33 L. ed. 963, 968, 10 Sup. Ct. Rep. 570; *Durham* v. *Seymour,* 6 App. D. C. 78." *Millett* v. *Allen,* 27 App. D. C. 70, 76.

We find no error in the rejection of the application, and the decision will be affirmed. The clerk will certify this decision to the Commissioner of Patents.                         *Affirmed.*